## CIRCUIT COURT OF AMHERST COUNTY

W. Earl Shores, Sr.

v.

Orin O. Henderson et al.

January 4, 1993

Case No. (Law) 4046

By Judge J. Michael Gamble

I am writing this opinion letter to give my opinion on whether or not the testimony of John J. O'Keeffe, Jr., Esq., is admissible on behalf of the Defendants on whether or not the Plaintiff authorized him to settle the dispute between the Plaintiff and the Defendants for the amount of $7,500.00. The preliminary issue in this case is whether or not Mr. O'Keeffe, who was the former attorney for Mr. Shores, the Plaintiff, may testify over the objection of the Plaintiff concerning the alleged settlement between the Plaintiff and the Defendants. The Plaintiff, W. Earl Shores, Sr., maintains that any testimony by Mr. O'Keeffe in this regard on behalf of the Defendants violates the privilege of confidential communication between attorney and client.

The background of this matter is that Mr. Shores sold to Mr. and Mrs. Henderson a parcel of property located in Amherst County. Mr. Shores alleges that the Defendants have failed to fulfill their agreement and pay the remaining $19,000.00 due on the purchase price. Deeded title has already been transferred.

In the settlement negotiations, Mr. O'Keeffe represented Mr. Shores, and James R. Richards, Esq., represented Mr. and Mrs. Henderson.

During the general period of October, 1990, through February, 1991, the parties entered into settlement negotiations through their respective attorneys. After various offers and counter-offers, it is alleged by the Defendants that Mr. O'Keeffe contacted Mr. Richards' office on February 22, 1991, and agreed to accept $7,500.00 in full settlement of the claim. Mr. Shores now claims that he declined to accept the settlement.

The Defendants plan to call Mr. Shores's former attorney, Mr. O'Keeffe, to testify about the settlement proposal. As noted above, Mr. Shores objects to this testimony on the grounds that it violates the privileged and confidential relationship between attorney and client.

Friend, *The Law of Evidence in Virginia* (3d ed., as amended), § 65, sets forth four criteria for the attorney-client relationship to exist: (1) the attorney-client relationship must exist when the communication occurred; and (2) the communication must be made in confidence; and (3) the communication must be related to a matter on which the attorney was being consulted in a professional capacity; and (4) the communication must be made for a proper, lawful purpose.

In *Commonwealth v. Edwards*, 235 Va. 499, 509, 370 S.E.2d 296 (1988), the Supreme Court of Virginia held that the privilege may be expressly or impliedly waived by a client. In particular, the Court in *Edwards* held:

> When a client communicates information to his attorney with the understanding that the information will be revealed to others, the disclosure to others effectively waives the privilege "not only to the transmitted data, but also to the details underlying that information."

Thus, if Mr. Shores authorized his attorney, Mr. O'Keeffe, to make an offer of settlement or to accept an offer of settlement, that communication would waive the privilege because the information was communicated to his attorney with the understanding that it would be revealed to others.

Accordingly, this Court rules that Mr. O'Keeffe may testify about the terms of any alleged settlement which he accepted on behalf of Mr. Shores if he can state that Mr. Shores specifically authorized him to communicate the acceptance of the settlement offer to the attorney for Mr. and Mrs. Henderson.